UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOE L. RICE, JR.

                         **Plaintiff,**

v.

                                                            **18-CV-1369**

**COMMISSIONER OF SOCIAL SECURITY,**

                         **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment. Dkt. No. 19. Joe L. Rice, Jr. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 14, 17. For the following reasons, Plaintiff's motion (Dkt. No. 14) is denied, and the Commissioner's motion (Dkt. No. 17) is granted.

## BACKGROUND

On May 28, 2015, Plaintiff filed for Disability Insurance Benefits ("DIB"), alleging disability beginning on August 12, 2012, due to depression, anxiety, and

hypothyroidism.  Tr. at 15, 152-53, 192.[1]  Plaintiff's application was denied at the initial level and he requested review.  Tr. at 79, 91.  Administrative Law Judge Maria Herrero-Jaarsma ("the ALJ") conducted a hearing on November 29, 2017.  Tr. at 45.  Plaintiff, who was represented by counsel, testified as did an impartial vocational expert.  Tr. at 52-81.  On January 31, 2018, the ALJ issued a decision in which she found that Plaintiff was not disabled and therefore, not eligible for benefits.  Tr. at 15-27.  The Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner.  Tr. at 1-6.  Plaintiff thereafter commenced this action seeking review of the Commissioner's decision.  Dkt. No. 1.

## LEGAL STANDARD

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of

---

[1]Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 10.

impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals a Listings criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009).  "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position.  *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the

evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above.  *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 12, 2012, his alleged onset date.  Tr. at 17.  At step two, she found that Plaintiff had the following severe impairments:  major depressive disorder; and panic disorder with agoraphobia.  Tr. at 17-18.  The ALJ found that Plaintiff's hypothyroidism was not a severe impairment because it did not cause more than minimal limitations in his ability to perform work-related activities.  Tr. at 18.

At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings, giving special consideration to Listing 12.04 (Depressive, Bipolar and Related Disorders) and 12.06 (Anxiety and Obsessive-Compulsive Disorders).  Tr. at 18-19.  Next, the ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> he could not perform a job requiring driving motor vehicles or other machinery; he was able to understand, carry out or apply and remember simple directions and instructions; he was able to work in a low stress environment (meaning one with no supervisory responsibilities, no work at production rate pace and no fast moving assembly line-type work, no independent decision making required except with respect to simple, routine . . . decisions, and with few, if any, work

place changes in work routines, processes or settings); he was able to perform work that is subject to no more than occasional supervision; he was able to perform work that involves occasional contact and interaction with supervisors and co-workers and incidental contact with the public; and he was able to do work that can be performed independently or work that can be performed generally isolated from other employees.

Tr. at 19.

Continuing to the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work.  Tr. at 25.  Based on Plaintiff's age (39 years old), education (at least a high school education), and his aforementioned RFC, the ALJ found that he could perform work that exists in significant numbers in the national economy, specifically, the jobs of industrial cleaner (DOT No. 381.687-018), auto detailer (DOT No. 915.687-034), and merchandise marker (DOT No. 209.587-034).  Tr. at 25-26.  Accordingly, concluded the ALJ, Plaintiff was not under a disability from August 12, 2012, through the date of her decision, January 31, 2018.  Tr. at 27.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 14, 17.  Plaintiff contends that the ALJ failed to account for limitations found by the consultative examiner, Janine Ippolito, Psy. D.[2]  Dkt. No. 14-1, pp. 11-18.  The Commissioner contends that the ALJ's RFC finding is properly based on the overall record, including the opinions offered by Dr. Ippolito.  Dkt. No. 17-1, pp. 6-12.  Having

---

[2] Plaintiff has not raised any objections to the ALJ's findings about Plaintiff's alleged physical impairment, hypothyroidism.  Although this Court has reviewed the record in its entirety, this decision focuses solely on the medical evidence relating to Plaintiff's alleged mental disorders and his ability to handle stress.

6

reviewed the record, this Court finds that the ALJ did not err and that the RFC was substantially supported.

**The ALJ's Assessment of Dr. Ippolito's Medical Opinions**

Dr. Ippolito performed a psychiatric evaluation of Plaintiff at the behest of the Social Security Administration, on July 28, 2015, and again on June 29, 2017.  Tr. at 290, 296.  In 2015, Dr. Ippolito opined that Plaintiff:

> [P]resents as being able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, learn new tasks, perform complex tasks independently, and make appropriate decisions with no evidence of limitation.  He can maintain a regular schedule with mild limitations.  He can relate adequately with others and appropriately deal with stress with moderate to marked limitations.  These limitations are due to his current emotional distress.

Tr. at 293.  In 2017, Dr. Ippolito concluded that Plaintiff:

> [P]resents as able to understand, remember, or apply simple directions and instructions, use reason and judgment to make work-related decisions, interact adequately with supervisors, coworkers, and the public, maintain personal hygiene and appropriate attire, and demonstrate awareness of normal hazards and taking appropriate precautions with no evidence of limitations.  He can understand, remember, or apply complex directions and instructions, sustain concentration and perform a task at a consistent pace and sustain an ordinary routine and regular attendance at work with mild limitations.  He can regulate or moderate emotions, control behavior, and maintain well-being with moderate to marked limitations.  These limitations are due to his emotional distress, fatigue, and suspected cognitive deficits.

Tr. at 299.  In rendering the RFC, the ALJ explicitly afforded both of Dr. Ippolito's opinions "great weight."  Tr. at 24.

Plaintiff contends that, despite giving Dr. Ippolito's opinions great weight, the ALJ failed to account for the moderate-to-marked limitations that she found, and that this error requires remand.  This Court does not agree.  As an initial matter, '[t]here is no requirement that an ALJ accept every limitation in the opinion of a consultative examiner." *Kikta v. Comm'r of Soc. Sec.*, No. 5:15-CV-60 (DNH/ATB), 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016), *report and recommendation adopted sub nom. Kikta v. Colvin*, No. 5:15-CV-60 (DNH/ATB), 2016 WL 865301 (N.D.N.Y. Mar. 2, 2016) (citing *Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013)); *see also Dirisio v. Comm'r of Soc. Sec.*, No. 5:15-CV-1181, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) ("In formulating a plaintiff's RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)); *Wilburn v. Colvin*, No. 115CV00058DNHTWD, , at *4 (N.D.N.Y. Feb. 29, 2016*), report and recommendation adopted sub nom. Wilburn v. Comm'r of Soc. Sec.*, No. 1:15-CV-58, 2016 WL 1238238 (N.D.N.Y. Mar. 28, 2016) (holding that the ALJ "was under no obligation to incorporate all of the doctor's assessments into the RFC" even though he afforded the doctor's opinion "significant weight").  Rather, the ALJ is duty-bound to review all of the evidence before her, resolving inconsistencies, and make a disability determination that is consistent with the evidence as a whole.  *Bliss v. Colvin*, No. 3:13-CV-1086 GLS/CFH, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015).

More importantly, Plaintiff, who bears the burden of proving that he is incapable of performing substantial gainful activity, 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1512(c), 404.1545, has failed to show how the RFC is inconsistent with the limitations

found by Dr. Ippolito. As previously noted, the RFC limits the type of work that Plaintiff can perform to work that: involves no driving, only simple directions, and simple work-related decisions; takes place in a low-stress environment with no supervisory responsibilities, no production-rate pace, no independent decision making except with respect to simple routine decisions; is subject to only occasional contact with supervisors and co-workers and only incidental contact with the public; and can be performed independently or generally isolated from other employees. Tr. at 19. In the view of this Court, Plaintiff would not be foreclosed from performing such thoroughly proscribed work, even if he did have moderate-to-marked limitation in the area of adequately relating with others and appropriately dealing with stress, or the area of moderating his emotions and controlling his behavior, as Dr. Ippolito found in 2015 and 2017, respectively.[3] Tr. at 293, 299. *Figgins v. Berryhill*, No. 15-CV-6748, 2017 WL 1184341, at *10-12 (W.D.N.Y. Mar. 29, 2017) (holding that the consultative examiner's opinion that plaintiff would be moderately-to-markedly limited in appropriately dealing with stress was given great weight and the ALJ accounted for this limitation by limiting plaintiff to only occasional public contact); *Fiducia v. Comm'r of Soc. Sec.*, No. 1:13-CV-285, 2015 WL 4078192, at *4 (N.D.N.Y. July 2, 2015) ("The fact that plaintiff was found to have a marked limitation interacting with others does not conclusively demonstrate that she is unable to work, particularly given the fact that the ALJ limited plaintiff to work that does not require more than occasional interaction with the public and co-workers.")

---

[3] It bears noting here that Dr. Ippolito never concluded that Plaintiff suffered moderate-to-marked limitations in more than one of these areas at a given time.

In this regard, Plaintiff's case is not one in which the ALJ failed to explain or account for stress limitations in the RFC.  *See Moxham v. Comm'r of Soc. Sec.*, No. 3:16-CV-1170 (DJS), 2018 WL 1175210, at *10 (N.D.N.Y. Mar. 5, 2018) (holding that the plaintiff "fail[ed] to illustrate how the mental limitations included in the ALJ's RFC (including a limitation to simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others) do not account for the possibility that she may be more susceptible to workplace stress"); *see also Crampton v. Comm'r of Soc. Sec.*, No. 3:16-CV-0356 (TWD), 2017 WL 2829515, at *11 (N.D.N.Y. June 29, 2017) (finding that the plaintiff "fail[ed] to point to any evidence that these symptoms of his mood disorder and preoccupation with his physical condition imposed any specific mental limitations that were not encompassed by the ALJ's restriction to simple, routine, and repetitive tasks").  In fact, the ALJ discussed Dr. Ippolito's opinions at length, including the limitations related to stress and interacting with others:

> I note that the [claimant's representative argues that there is a discrepancy between the two opinions of Dr. Ippolito, specifically as it concerns her diverging opinions on whether or not the claimant's psychiatric impairments were significant enough to interfere with claimant's functioning on a daily basis.  It is unclear what the representative's point is exactly given that the **claimant's impairments have been found severe; that the claimant has been given some benefit of the doubt in finding greater limitation than that found by Dr. Ippolito**; and that the above residual functional capacity represents the most the claimant can do on a sustained basis.  As for the weight afforded those specific statements on frequency of interference, I gave them both great weight, finding that they are not inconsistent because they were consistent with the record *at the time* that they were made.  The treating and therapy notes from 2015 to 2017 show that claimant had periods where he was improving and then had episodes where he would have a panic attack or otherwise have some sort of relapse or temporary increase in his symptoms (Ex. 9F). . . .  In general, however, his cumulative improvement with respect to his overall panic disorder, agoraphobia, and depression was seen over the course of treatment (Exs. 2F, 9F).  As such, Dr. Ippolito's opinions on daily interference dated 2015 and 2017 are consistent with the contemporaneous therapy and/or psychiatry notes.  The claimant had waxing

and waning symptoms, with a trajectory toward cumulative improvement during the period at issue.  **However, even at their worst, the claimant was capable of sustaining the simple, low stress, low contact work described in the above residual functional capacity**.

Tr. at 24 (emphasis added).

The ALJ further cited evidence in support of her conclusion that Plaintiff was capable of work that involved occasional contact with supervisors and co-workers and incidental contact with the public.  For example, on April 6, 2016, Plaintiff reported "substantial improvement" in that he was "able to drive more places and greater distances visiting friends."  Tr. 24, 371.  In yet another record cited by the ALJ, Plaintiff stated to his therapist that he "stepped out this week," went to a friend's house, where he denied being anxious, and "chilled out."  Tr. at 24, 509.  The ALJ noted that Plaintiff indicated an interest in opening a coffee shop, attended a party, and sold tee shirts outside of his cousin's beauty parlor.  Tr. at 24, 451, 532, 538.  These are all accurate facts derived from the record that support the ALJ's conclusion that Plaintiff retained some capacity, albeit limited, to engage with supervisors, co-workers, and the public.  Tr. at 19, 24.

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence.  However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012).  That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder ***would have to conclude otherwise***."  *Brault*, 683 F.3d at 448 (emphasis

added).  This case does not present such a situation.  For all of the foregoing reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is hereby DENIED, and the Commissioner's motion for Judgment on the pleadings (Dkt. No. 17) is GRANTED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 27, 2020

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**